

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

July 18, 2014

**BY ECF AND EMAIL**

Hon. Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re:    *United States v. Michael McDuffie*, 13 Cr. 242 (SAS)

Dear Judge Scheindlin:

      The defendant is scheduled to be sentenced in this matter on July 21, 2014, at 4:30 p.m. For the reasons explained below, the Government respectfully submits that a Guidelines Sentence, with a two-level downward variance, be imposed at sentencing, which would result in a sentence of 57 to 71 months' imprisonment.

**Background**

      The defendant was one of approximately 30 targets of a joint investigation by the New York City Police Department and the Federal Bureau of Investigation into heroin and crack cocaine trafficking and violence by the Briggs Avenue Organization, a criminal organization that operated in the area of 194th Street and Briggs Avenue in the Bronx, New York.  At this time, almost all of the targets of that investigation have pled guilty pursuant to plea agreements with the Government.

      The Government generally views each of the defendants in this case as fitting into one of three categories: (1) leader; (2) those with a more intermediate role, such as manager, high-level street seller, or someone responsible for storing large amounts of narcotics; or (3) low-level street seller.  The Government made plea offers based on these classifications.  The Government did not use role adjustments to distinguish defendants from each other, but rather used the various statutory penalty provisions based on drug weight set out in 21 U.S.C. § 841(b)(1) as a proxy for role in the organization: leaders were given offers with the drug weight set out in Section 841(b)(1)(A); those who played a more intermediate role were given offers with the drug

1

weight set out in Section 841(b)(1)(B); and low-level street sellers were given offers with a lower drug weight. Within these broad categories, the Government also considered a defendant's criminal history, or lack thereof, and other mitigating or aggravating factors in deciding on an appropriate plea offer.

### The Defendant's Conduct

The defendant, Michael McDuffie, was a street seller of both heroin and crack, placing him in the lower-tier of defendants. As a result, the Government respectfully submits that a Guidelines Sentence, with a two-level downward variance pursuant to the current policy of the Department of Justice that such a variance is generally warranted from the offense level specified in Section 2D1.1(c) of the November 1, 2013 version of the Guidelines manual, be imposed at sentencing. Because the defendant is at Guidelines offense level 23, this would result in an adjusted offense level of 21.

### The Defendant's Criminal History

The defendant's plea agreement does not assign criminal history points for the defendant's 2007 conviction for criminal contempt, and assigns only one point for the defendant's 2011 conviction for assault. However, probation has assigned one criminal history points for the former conviction, and two criminal history points for the latter conviction. Upon further review of the defendant's criminal history, the Government believes that probation's calculation is correct, resulting in the defendant having eight criminal history points, and being in Criminal History Category IV. As a result, the defendant's Guidelines range is 70 to 87 months' imprisonment without the two-level downward variance sought by the Government, and 57 to 71 months' imprisonment with the downward variance.

### Conclusion

For the reasons set forth above, the Government respectfully submits that a Guidelines Sentence, with a two-level downward variance, be imposed at sentencing, which would result in a sentence of 57 to 71 months' imprisonment.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
Jared Lenow
Assistant United States Attorney
(212) 637-1068

cc: Martin Geduldig, Esq. (by email)